NOT DESIGNATED FOR PUBLICATION

No. 117,632

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JANIE SHOWALTER,
*Appellant*.

MEMORANDUM OPINION

Appeal from Reno District Court; CHERYL I. ALLEN, judge. Opinion on remand filed January 11, 2019. Reversed and remanded with directions.

*Mark T. Schoenhofer*, of Wichita, for appellant.

*Natasha Esau*, assistant district attorney, *Keith E. Schroeder*, district attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ARNOLD-BURGER, C.J., GREEN and BUSER, JJ.

PER CURIAM: The Kansas Supreme Court remanded this case for reconsideration of our previously issued opinion in light of its recent decision in *State v. Glover*, 308 Kan. 590, 422 P.3d 64 (2018).

We set forth the facts of this case in *State v. Showalter*, No. 117,632, 2018 WL 1975615 (Kan. App. 2018) (unpublished decision). There, we stated:

"Deputy John Hendricks was parked and running vehicle license tags and drivers licenses as cars passed by. He ran the tags for a blue Chevrolet Camaro and discovered that the vehicle was registered to Janie Showalter. There were no other registered owners for the car. Deputy Hendricks checked Showalter's driver's license number and found that her driver's license was suspended for chemical test failure. Deputy Hendricks did not recognize the Camaro as a vehicle that he had seen before. Although Deputy Hendricks could not see who was driving the vehicle and he did not observe any traffic infractions, he initiated a traffic stop. Showalter was driving, and she provided him with an identification card. Deputy Hendricks then discovered that her driver's license was restricted to driving with an ignition interlock device. There was no ignition interlock device in the Camaro.

"Showalter stipulated to the fact that the State had sufficient evidence to prove that she was guilty of driving while suspended and in circumvention of ignition interlock device. But, she filed a motion to suppress evidence, arguing that Deputy Hendricks violated her Fourth Amendment rights when he stopped her vehicle. The district court denied Showalter's motion and she was convicted of both offenses." 2018 WL 1975615, at *1.

We affirmed the district court decision denying Showalter's motion to suppress. We held that "[a] police officer has reasonable suspicion to stop a vehicle if (1) the officer knows that the registered owner of the vehicle has a suspended license, and (2) the officer is unaware of any facts to suggest that the registered owner is not the driver of the vehicle." 2018 WL 1975615, at *1.

In *Glover*, the Kansas Supreme Court rejected this court's reasoning. It held that a police officer cannot lawfully stop a vehicle simply because the vehicle's registered owner does not have a valid driver's license. 308 Kan. at 591. This is because an officer must have "an articulable and reasonable suspicion, based on fact, that the person stopped has committed, is committing, or is about to commit a crime." 308 Kan. at 590-91. An officer cannot simply assume that the registered owner of the vehicle is the driver—the officer must have additional information to confirm that the vehicle owner is in fact

driving. 308 Kan. at 591. An assumption that the registered owner of the vehicle is the driver does not satisfy the standard set by the United States Supreme Court in *Terry v. Ohio*, 392 U.S. 1, 88 S. Ct. 1868, 20 L. Ed. 2d 889 (1968). 308 Kan. at 597.

Here, as in *Glover*, Officer Hendricks' only basis for stopping Showalter was that the registered owner of the vehicle she was driving had a suspended driver's license. Under *Glover*, this is not a lawful basis for a stop. Accordingly, we reverse the district court's denial of Showalter's motion to suppress and remand for further proceedings consistent with this opinion.

Reversed and remanded with directions.